| | |
|---|---|
| **BRICE CHRISTOPHER MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **FNU CORPENING, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending before the Court are Plaintiff's Motion for Appointment of Counsel [Doc. 3]; and Plaintiff's "Declaration of Motion to Memorandum of Law," [Doc. 4], which the Court construes as a motion for preliminary injunction and temporary restraining order.

On July 9, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments be made from Plaintiff's prison account. [Doc. 8]. Thus, Plaintiff is proceeding in forma pauperis.

**I. BACKGROUND**

Pro se Plaintiff Brice C. Moore ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution (MCI) in Marion, North Carolina. Plaintiff filed this action on July 9, 2019, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) H. Corpening, identified as the Superintendent of MCI; (2) T.A. Boysworth, identified as Manager of E-Unit Housing at MCI; and (3) T. Hamilton, identified as Assistant Unit

Manager at MCI. [Doc. 1 at 2-3].

Plaintiff brings claims against Defendants complaining of violation of his Eighth Amendment rights based on his conditions of confinement and of violation of his Fourteenth Amendment due process rights. [Doc. 1]. The allegations of Plaintiff's 26-page Complaint are largely duplicative of the allegations of his Complaint in Case No. 1:19-cv-91-FDW, which was brought against two of the Defendants named in the current action, Defendants Corpening and Hamilton, and a third defendant, FNU Watkins. The Court recently ordered that Plaintiff's Complaint in Case No. 1:19-cv-91-FDW survived initial review as to all three named Defendants in that action.[1] As such, to avoid unnecessary repetition, the Court incorporates herein by reference the factual recitation in Docket No. 17 in that matter.

Because Defendant Boysworth was not named as a defendant in Case No. 1:19-cv-91-FDW, the Court summarizes the Plaintiff's allegations specific to Defendant Boysworth here. Defendant Boysworth was the Unit Manager for E-Unit restrictive Housing at MCI. [Doc. 1 at ¶ 18]. On May 9, 2018, Plaintiff wrote a "request form" to Defendant Boysworth "about the feces/urine being put inside the ventilation system" and "how strong the smell was inside the cells." [Id. at ¶ 20]. On May 28, 2018, Plaintiff wrote Defendant Boysworth another request form, stating that the condition in the ventilation system was "taking effect on the Plaintiff's health" and causing him to feel "constantly lightheaded." [Id. at ¶ 22]. On June 14, 2018, the Plaintiff wrote Defendant Boysworth, stating the "if the problem isn't dealt with" Plaintiff planned on filing a Section 1983 complaint against "them." [Id. at ¶ 23]. Finally, on June 22, 2018, Plaintiff "wrote another request form to [Defendant] Boysworth." [Id. at ¶ 24]. At the time Plaintiff submitted his Complaint to

---

[1] The relief that the Plaintiff seeks in his motion for preliminary injunction and motion for temporary restraining order [Doc. 4] in the instant case appears largely if not entirely duplicative of relief Plaintiff sought in Civil Case No. 1:19-cv-91 [See Civil Case No, 1:19-cv-91; Docs. 21, 22, 23, 25, 26, 27, 28, 29, 34, and 35], which has already been addressed by this Court [Id., Doc. 36].

2

this Court, on or about December 23, 2018, Defendant Boysworth was leaving or had already left employment with MCI. [Id. at ¶ 45].

Plaintiff seeks injunctive relief, declaratory relief, and damages.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

### A.     Motion to Appoint Counsel

The Court first addresses the Plaintiff's motion to appoint counsel. In support of this motion, the Plaintiff states, among other things, that he does not know the law well, does not have access to a law library, that is case is "very complicated," and that an attorney could have an investigator come to the prison and test the ventilation system for bacteria. [Doc. 3 at 1-2]. Plaintiff also states that he has written several attorneys and received no responses from them other

than from Prisoner Legal Services who advised they could not help unless "numerous" inmates complained about the problem. A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

### B. Fourteenth Amendment Claims

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995

Here, Plaintiff makes no specific factual allegations or otherwise supports his claim that Defendants violated his due process rights. At best, Plaintiff alleges that he submitted various grievances and complaints to the Defendants that went unanswered or were ignored. Thus, the Plaintiff has failed to state a cognizable claim for a violation of the Fourteenth Amendment.

### C. Eighth Amendment Claims

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640,

4

642 (7th Cir. 1997). Rather, extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993).

As for the Eighth Amendment claims against Defendants Corpening and Hamilton, these claims are almost identical to the claims against these same Defendants in the Complaint Plaintiff filed in Case No. 1-19-cv-91-FDW. Because this new action is duplicative of the other action pending in this Court, Defendants Corpening and Hamilton will be dismissed.

As to Defendant Boysworth, there is no liability under § 1983 under a theory of respondeat superior. See Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). As such, to hold Defendant Boysworth responsible, Plaintiff must allege facts that tend to show that Defendant Boysworth's actions, or omissions, led to Plaintiff's injury. See West v. Tillman, 496 F.3d 1321, 1332 (11th Cir. 2007) (per curiam). Under this standard, the Court finds that Plaintiff's Eighth Amendment claim against Defendant Boysworth fails initial review. That is, taking Plaintiff's allegations as true for purposes of this initial review, the Plaintiff has not stated an Eighth Amendment claim against Defendant Boysworth based on Plaintiff's above-enumerated allegations. Defendant Boysworth's alleged limited involvement for a relatively brief period and only in the face of Plaintiff's complaint of "lightheadedness" is not sufficient to support a claim that Defendant Boysworth violated Plaintiff's Eighth Amendment rights.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim under Section 1983 for an alleged violation of his Fourteenth Amendment rights, for failure to state a claim against Defendant Boysworth, and because his Eighth Amendment claims against Defendant Corpening and Hamilton are duplicative of his claims in another matter pending with this Court. See 28 U.S.C. §§ 1915(e)(2); 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.
2. Plaintiff's Complaint [Doc. 1] is **DISMISSED** for failure to state a claim and as duplicative in accordance with the terms of this Order.
3. Plaintiff's motion for preliminary injunction and temporary restraining order [Doc. 4] is **DENIED** as moot.
4. The Clerk is directed to terminate this action.

Signed: August 19, 2019

Frank D. Whitney
Chief United States District Judge