| | |
|---|---|
| **BRICE CHRISTOPHER MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | )     <u>**ORDER**</u> |
| | ) |
| **FNU CORPENING, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on the unpublished decision of the Fourth Circuit Court of Appeals dismissing Plaintiff's appeal and remanding the case to the District Court. [Civil Case No. 1:19-cv-00201-FDW ("Case No. 1:19-cv-201"), Doc. 19 at 2].

## I.     BACKGROUND

Pro se Plaintiff Brice C. Moore ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina.  On January 7, 2019, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants FNU Boysworth, FNU Corpening, and FNU Hamilton related to certain alleged unconstitutional conditions of confinement while Plaintiff was confined at Marion Correctional Institution in Marion, North Carolina.  [Civil Case No. 1:19-cv-00005-FDW ("Case No. 1:19-cv-5"), Doc. 1].

On March 22, 2019, Plaintiff filed another complaint under 42 U.S.C. § 1983, again related to certain alleged unconstitutional conditions of confinement.  In this second complaint, Plaintiff named H. Corpening, FNU Watkins, and Thomas Hamilton as Defendants.  [Civil Case No. 1:19-cv-00091-FDW ("Case No. 1:19-cv-91"), Doc. 1].  On May 31, 2019, the Court issued its initial

review Order on Case No. 1:19-cv-91, allowing Plaintiff's claims to proceed against those Defendants. Then, on June 6, 2019, the Court dismissed Plaintiff's complaint in Case No. 1:19-cv-5 on initial review. The Court held, in part, that Plaintiff had failed to state a claim against Defendant Boysworth and that Plaintiff's claims against Defendants Corpening and Hamilton were duplicative of his claims in Case No. 1:19-cv-91. [Case No. 1:19-cv-5, Doc. 17].

On June 25, 2019, Plaintiff filed another action under § 1983 against nine Defendants, including Defendant H. Corpening, FNU Watkins, Thomas Hamilton, FNU Williams, FNU Curtis, FNU Lee, FNU Nanny, FNU Lyons, FNU Morgan. [Civil Case 1:19-cv-201, Doc. 1]. Plaintiff's complaint in this action was largely duplicative of his complaint in Case Nos. 1:19-cv-91 and 1:19-cv-5. On initial review, on August 20, 2019, the Court dismissed Plaintiff's complaint in Case No. 1:19-cv-201, in part, for failure to state a claim and, as to Defendants Corpening and Hamilton, as duplicative of Plaintiff's action in 1:19-cv-91, Plaintiff's remaining action at the time. [Case No. 11:19-cv-201, Doc. 11]. Plaintiff appealed the dismissal of this complaint. [Id., Doc. 13]. The Fourth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because its review of the record revealed that "the district court did not adjudicate [Plaintiff's] claims against seven of the nine named Defendants." [Id., Doc. 19]. The Court remanded the case to this Court for consideration of the "unresolved claims." [Id.]. Mandate of the Fourth Circuit's decision issued on March 17, 2020. [Id., Doc. 20]. The Court now again reviews the claims against the remaining Defendants that were not separately addressed in the Court's Order dismissing Plaintiff's complaint in Case No. 1:19-cv-201. These Defendants include FNU Watkins, FNU Williams, FNU Curtis, FNU Lee, FNU Nanny, FNU Lyons, and FNU Morgan. [See Case No. 1:19-cv-201, Doc. 1]. Plaintiff sues

these Defendants in their individual and official capacities.[1]  [Id.].

As for Defendant Watkins, Plaintiff alleges that Defendant Watkins was aware of the conditions of Plaintiff's confinement and refused to do a thorough investigation.  [Id. at ¶ 83]. Instead, Defendant Watkins would order Defendant Hamilton to "investigate the same exact thing that [Defendant Hamilton] continue[d] to conceal."  [Id.].  Plaintiff alleges that Defendant Watkins refused to test for bacteria in the ventilation system feeding Plaintiff's cell or to otherwise ensure Plaintiff had "clean air" in his 8 x 12-foot cell.  [Id. at ¶ 86].  Plaintiff also alleges that Defendant Watkins violated Plaintiff's "due process of the Fourteenth Amendment for the Equal Protecting of the Law," but does not allege anything in support of this purported violation.  [Id. at ¶ 84]. Finally, Plaintiff contends that Defendant Watkins violated Plaintiff's First Amendment rights by retaliating against Plaintiff for filing grievances.  To this end, Plaintiff alleges that Defendant Watkins had "Plaintiff's mail stopped and confiscated from going to the media to complain of the fecals/urine being placed inside the ventilation system."  [Id. at ¶ 85].

As for Defendants Williams, Curtis, Lee, Nanny, Lyons, and Morgan, Plaintiff claims that they were aware of Plaintiff's conditions and of Defendant Hamilton's refusal to investigate and purposeful concealment of the situation, and that they failed to write statements for the Plaintiff or to go to "higher authorities" to report Plaintiff's situation, "knowing that the situation is a major health problem."  [Id. at ¶ 81].  Plaintiff also claims that these Defendants "bring all of Plaintiff's [ ] mail and place it on [Defendant Hamilton's] desk."  [Id. at ¶ 82].  Plaintiff claims these Defendants violated his rights under the First, Eighth, and Fourteenth Amendments.  [Id. at ¶¶ 81, 82].

---

[1] The Court has previously provided a thorough recitation of Plaintiff's allegations regarding his conditions at Marion Correctional.  The Court herein incorporates that recitation for the sake of judicial economy. [Case No. 1:19-cv-19, Doc. 17].

Plaintiff seeks injunctive relief, declaratory relief, and damages.  [Id. at 3-9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment."  Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).  Rather, extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a

substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions."  Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993).

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.  Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).  Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

The First Amendment protects a prison inmate's right to the free flow of incoming and outgoing mail.  Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citing cases).  The Fourth Circuit Court of Appeals has held, however, that "the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and therefore, constitutional."  Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999).  Therefore, "although an inmate's First Amendment rights may be violated when his outgoing mail is censored, his First Amendment rights are not violated when his outgoing mail is simply opened and inspected for, among other things, contraband."  Id. at 549.  The First Amendment also protects prisoners from retaliation for filing grievances.  See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017) (inmate has clearly established First Amendment right to be free from retaliation for filing grievances).

Taking Plaintiff's allegations as true for purposes of this initial review and giving the Plaintiff the benefit of every reasonable inference, Plaintiff's claims against Defendants Watkins, Williams, Curtis, Lee, Nanny, Lyons, and Morgan in their individual capacities based on the

5

violation of Plaintiff's Eighth Amendment rights are not clearly frivolous and may proceed past initial review.

Here, Plaintiff makes no specific factual allegations or otherwise supports his claim that any of these Defendants violated his due process rights. Thus, the Plaintiff has failed to state a cognizable claim for a violation of the Fourteenth Amendment.

As to Plaintiff First Amendment claim against Williams, Curtis, Lee, Nanny, Lyons, and Morgan, Plaintiff has not stated a claim on this issue. Plaintiff's allegation that these Defendants placed Plaintiff's mail on Defendant Hamilton's desk is simply insufficient to state a claim for a First Amendment violation under § 1983. Plaintiff has, on the other hand, stated a claim against Defendant Watkins under § 1983 for violating Plaintiff's rights under the First Amendment based on his allegations of retaliation.

Additionally, Plaintiff's claims against these Defendants in their official capacities fail initial review. A suit against an officer in his official capacity is not cognizable under § 1983 except in certain limited circumstances which do not apply here. See Monell v. Dept. of Soc. Servs., 98 S. Ct. 2018, 2035-36 (1978). As such, Plaintiff's claims against Defendants in their official capacities will be dismissed.

Further, because Plaintiff has been transferred from Marion Correctional to Scotland Correctional, Plaintiff's claims for injunctive relief are moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate two civil actions if they involve "a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The Court finds that Case No. 1:19-cv-91 and Case No. 1:19-cv-201 involve common questions

of law and fact such that consolidation of these actions is appropriate. The Court will, therefore, order that these actions be consolidated.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff's claims against Defendants Watkins, Williams, Curtis, Lee, Nanny, Lyons, and Morgan for violation of Plaintiff's rights under the Eighth Amendment survive initial review in their individual capacities only. Plaintiff's claim against Defendant Watkins under the First Amendment also survives. Further, any claims against Defendants Hamilton and Defendants Corpening in their individual capacities in Case No. 1:19-cv-201 not specifically otherwise addressed by the Court survive at this stage of the proceedings.

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Complaint survives initial review as to Defendants Watkins, Williams, Curtis, Lee, Nanny, Lyons, and Morgan in accordance with the terms of this Order. See 28 U.S.C. §§ 1915(e)(2); 1915A. Further, any claims against Defendants Hamilton and Corpening in Case No. 1:19-cv-201 not otherwise specifically addressed by the Court survive at this stage of the proceedings. Plaintiff's claims for injunctive relief and all claims against Defendants in their official capacities are dismissed.

2.    Civil Case No. 1:19-cv-00091-FDW and Civil Case No. 1:19-cv-00201-FDW are hereby **CONSOLIDATED**. Civil Case No. 1:19-cv-00091-FDW is designated as the lead case, and Civil Case No. 1:19-cv-00201-FDW shall be closed. Pursuant to Local Civil Rule 5.2.1(D), all future pleadings will be docketed and filed in the designated lead case only.

3.    The Clerk is instructed to add the remaining Defendants from Case No. 1:19-cv-

00201-FDW to the lead case.

4.      This Court enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners.  The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants FNU Watkins, FNU Williams, FNU Curtis, FNU Lee, FNU Nanny, FNU Lyons, FNU Morgan, who are alleged to be current or former employees of NCDPS.

5.      The Clerk is directed to terminate Case No. 1:19-cv-00201-FDW.

**IT IS SO ORDERED**.

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge